The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: March 6 2024

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In Re: Brandon L. Allen, | Case No. 22-60638 |
| Debtor(s). | Chapter 7 |
| Anne Piero Silagy, Trustee, | Adv. Pro. No. 23-06013 |
| Plaintiff(s), | JUDGE MARY ANN WHIPPLE |
| v. | |
| Stacey Renae DeHaven, | |
| Defendant(s). | |

## MEMORANDUM OF DECISION AND ORDER

The matter before the court in this adversary proceeding is Defendant's motion asking the court either to abstain from hearing it in favor of a Kansas state court or to transfer venue to bankruptcy court in Kansas. [Doc. # 10].

Plaintiff ("Plaintiff" or "Trustee") is the Chapter 7 trustee in the underlying Chapter 7 case, 22-60638, which was filed in this court by Debtor Brandon Allen on June 28, 2022. Defendant is Debtor's former spouse. They were divorced in 2019 through a decree entered in a Kansas domestic relations action. Defendant lives and works in Kansas.

The factual basis for the Trustee's claims is Debtor's transfer to Defendant of his interest in their former marital home, located in Kansas, as part of the divorce. Plaintiff asserts against Defendant fraudulent transfer claims seeking recovery of $29,582 as the alleged value of the property transferred. Plaintiff's claims are premised on state law incorporated through § 544(b) of the Bankruptcy Code, 11 U.S.C. § 544(b). Defendant argues as to both abstention and transfer of venue that the adversary proceeding is unfair, inconvenient, and likely to enmesh this court in the Kansas divorce action from 2019. Plaintiff opposes the motion. [Doc. # 13].

The district court has original but not exclusive jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) as a civil proceeding arising under Title 11 or in a case under Title 11. The district court has exclusive jurisdiction of property of Brandon Allen's bankruptcy estate pursuant to 28 U.S.C. § 1334(e)(1). The underlying Chapter 7 case and this adversary proceeding have been referred to this court by the district court under its standing general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to "determine, avoid or recover fraudulent conveyances" are core proceedings that the bankruptcy court may hear and determine. 28 U.S.C. § 157(b)(2)(H). Motions for abstention or to change venue of civil proceedings are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(2)(A); *Enron Corp. v. Arora (In re Enron)*, 317 B.R. 629, 638 (Bankr. S.D.N.Y. 2004) (venue); *Bavelis v. Doukas (In re Bavelis)*, 453 B.R. 832, 845 (Bankr. S.D. Ohio 2011) (abstention, remand and transfer of venue).

## **ABSTENTION**

While this court has jurisdiction over both the underlying Chapter 7 case and this adversary proceeding, "nothing in this section [28 U.S.C.§ 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Otherwise known as permissive abstention, abstention under § 1334(c)(1) is applied via "a multi-factor balancing test, not a rule in which every element must be satisfied…." *DiGirolamo v. Applegate* (*In re Applegate*), 414 B.R. 209, 216 (Bankr. N.D. Ohio 2008). Factors (or some iteration of them) that federal courts look to include:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to

2

allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors.

*Parrett v. Bank One, N.A.* (*In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*), 323 F.Supp.2d 861, 884-85 (S.D. Ohio 2004), quoting *Mann v. Waste Mgmt. of Ohio*, 253 B.R. 211, 214 (N.D. Ohio 2000); *see also*, *In re Applegate*, 414 B.R. at 216; *In re Bavelis*, 453 B.R. at 874. Though abstention is to be rarely exercised, "federal courts should not be hesitant to decline to exercise jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Mann,* 253 B.R. at 215, quoting *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985); *see McDaniel v. ABN Amro Mortg. Grp.*, 364 B.R. 644, 650 (S.D. Ohio 2007). The movant bears the burden of establishing that permissive abstention is warranted. *Murray v. Willkie Farr & Gallagher LLP* (*In re Murray Energy Holdings Co.*), 654 B.R. 469, 495 (Bankr. S.D. Ohio 2023). Ultimately permissive abstention is left to the bankruptcy court's sound discretion. *Id.*

Defendant acknowledges that Factors 10 (likelihood that this action involves forum shopping) and 11 (right to a jury trial) are either neutral or do not apply. [Doc. # 10, p. 5/13].

The court finds for the following reasons that most of these factors weigh against permissive abstention.

Factor 1: Effect on Efficient Administration of the Estate

Defendant's motion and proposed order contemplate that this action would be filed anew by Plaintiff in the Kansas State Circuit Court, Cowley County. [Doc. # 10, p. 1 and attached proposed order of abstention]. No such action is pending. To do so, the Trustee would have to find and employ with this court's approval counsel in Kansas. According to the Trustee's most recent Interim Report filed in the Chapter 7 case, her claims in this adversary proceeding are the only asset she has to administer. [Case No. 22-60638, Doc. # 34, p.1, October 26, 2023].[1] She has not received any funds in the estate, making payment of a filing fee in state court and the ability to engage out of state counsel on a matter seeking recovery of approximately $30,000 effectively impossible. In contrast the filing fee for this adversary

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it); *United States v. Brugnara*, 856 F.3d 1198, 1209 (9th Cir. 2017) (stating that district court may properly take judicial notice of its own records).

proceeding was deferred by this court [Docket entry #1], as is routine in such matters. The court has already authorized employment of counsel, who will get paid from the bankruptcy estate, but only if the Trustee liquidates her claims in this action and has cash with which to pay administrative expenses. [Case No. 22-60638, Doc. # 19]. Trustee's counsel has invested time and estate resources to become familiar with this action and to prepare the pleadings to commence it in this court. Those efforts would have to be duplicated to some extent at estate expense by Kansas counsel, reducing further any potential recovery for the benefit of creditors. The added cost, delay and logistical roadblocks to starting this action anew in a state court in Kansas as Defendant suggests would be akin to ending Plaintiff's claims.

The effect of abstention on efficient administration of the bankruptcy estate would devastating if not fatal. This factor weighs heavily against abstention.

Factor 2: <u>Extent to Which State Law Issues Predominate Over Bankruptcy Issues</u>

Defendant postulates that the court and the parties will have to relitigate the divorce, arguing that this court will have to redo the parties' divorce settlement. The court disagrees. This argument is overstated.

Application of Bankruptcy Code avoidance powers to transfers occurring as part of a domestic relations proceeding is not a new, novel or unusual exercise of a Chapter 7 trustee's duties and authority. *E.g., Corzin v. Fordu (In re Fordu),* 201 F.3d 693 (6th Cir. 1999*)* (Chapter 7 trustee asserted avoidance claims against debtor's former wife under Ohio preference and fraudulent transfer statutes, attacking transfers made through divorce proceeding concluded approximately two years before debtor filed for bankruptcy); *Hunter v. Dupuis (In re Dupuis)*, 265 B.R. 878 (Bankr. N.D. Ohio 2001) (preference action under § 547); *Doeling v. O'Neill* (*In re O'Neill),* 550 B.R. 482, 513 (Bankr. D.N.C. 2016) ("Nearly all courts that review dissolution judgments in the context of a section 548 analysis agree that the fact that a transfer occurs in the context of a divorce proceeding does not immunize the transfer from a section 548 attack by the bankruptcy trustee."; citations omitted).

The Kansas divorce action is implicated only in that it must be determined whether Debtor received reasonably equivalent value for transfer of his share of the marital residence to Defendant. That will be done by simply "comparing the value of the assets that Defendant received in the divorce with that of what Debtor received in the divorce…." *Reisz v. Stinson (In re Stinson),* 364 B.R. 278, 282 (Bankr. W.D. Ky. 2007) (Chapter 7 trustee's action under §§ 544 and 548 involving transfer of marital residence through divorce action)*,* citing *In re Fordu.*

In *In re Fordu,* the Sixth Circuit observed that the statutory standards state courts are charged with applying to determine property settlements in divorce proceedings are "divergent decisional standards"

4

from those applied in fraudulent conveyance proceedings to determine whether reasonably equivalent value was exchanged. As a result, it rejected determination of reasonably equivalent value in a trustee's fraudulent transfer action involving a divorce based on state law domestic relations standards. *See In re Stinson,* 364 B.R. at 282 (because of the "divergent decisional standards" and policy objectives between state domestic relations law and fraudulent conveyance law, "this Court will apply only Bankruptcy Code concepts in considering 'value' exchanged between Defendant and Debtor and whether the same was reasonably equivalent.").

Defendant also essentially argues the merits of the case, including that the divorce action was not collusive. She may prevail, but the merits are premature in deciding where Plaintiff's claims should be determined. As with other bankruptcy courts determining claims like this, the court need not and has no intention of redoing the parties' divorce decree should the transfer be avoided. Defendant can address those issues in an appropriate Kansas forum should she need to, and it be appropriate do so.

State law does predominate in one sense, namely that the Trustee's claims are premised on the Uniform Fraudulent Transfer Act. The UFTA is brought into this action through § 544(b), by which the Trustee stands in the shoes of a creditor that could have brought the same claims. It is titled "Trustee as lien creditor and as successor to certain creditors and purchasers."

The Trustee asserts in her complaint the Ohio version of the UFTA as the basis for her § 544(b) claims. It is unclear to the court whether the Ohio UFTA or the Kansas UFTA is the "applicable law" in this case under § 544(b) because the real estate is in Kansas. *Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 710 (2d Cir. 1991) ("A fraudulent conveyance claim is governed by the law of the state in which the property is located."); *Sigmon v. Goldman Sachs Mortg. Co.*, 539 B.R. 221, 225-26 (Bankr. S.D.N.Y. 2015) (Trustee can only assert his strong-arm powers [under § 544] using the substantive law of the state in which the property in question is located). Neither party has addressed this choice of law issue. The court need not decide it now, because the Ohio statute and the Kansas statute are both modeled on the UFTA and are not materially different. Due to § 544(b), this is the kind of state statute that bankruptcy courts routinely construe, regardless of whether it is the Ohio version or the Kansas version that applies in this adversary proceeding.

Moreover, elements of certain UFTA sections mirror the Bankruptcy Code fraudulent transfer statute, 11 U.S.C. § 548. The relevant Ohio law and § 548(a)(1)(B) are nearly identical and contain "the same 'reasonably equivalent value' requirement." *Suhar v. Bruno (In re Neal)*, 541 Fed. App'x. 609, 612 n.4 (6th Cir. 2013), citing *Slone v. Dirks (In re Dirks)*, 407 B.R. 442 (Table), 2009 WL 103606, at *7 (6th Cir. BAP 2009)(unpublished opinion)(addressing the similarity between § 548(a)(1)(B) and O.R.C. §

5

1336.04(A)(2)(a) and (b)); *see also*, *Silagy v. Morris*, Case No. 5:13-cv-2645, 2015 WL 853499, at *13 (N.D. Ohio Feb. 26, 2015)(recognizing that "§ 548 and [O.R.C.] § 1336.05 reveal [ ] that they are virtually identical with respect to the elements that need to be proven.").

Lastly, while a Kansas state court can also apply the Uniform Fraudulent Transfer Act, the nuances of § 544(b) and avoidance remedies under § 550 are within this court's routine expertise and unlikely to be within a Kansas state court's toolbox.

All in all, the court cannot find that state law issues predominate such that this factor weighs in favor of abstention, at least not in the way Defendant argues by focusing on the domestic relations aspect of the facts.

This factor weighs against abstention in favor of an action in Kansas state court.

Factor 3: <u>The Difficulty or Unsettled Nature of the Applicable State Law</u>

The "applicable law" incorporated into this action under § 544(b), be it Kansas law or Ohio law, is based on a uniform law, specifically the Uniform Fraudulent Transfer Act. Defendant does not identify, and the court is not aware of any way in which that law is unsettled or difficult in application to the facts of this case.

This factor weighs against abstention in favor of an action in Kansas state court.

Factor 4: <u>The Presence of a Related Proceeding Commenced in State Court or Other Non-Bankruptcy Court</u>

Factor 6: <u>The Degree of Relatedness or Remoteness of the Proceeding to the Main Case</u>

The only arguably related proceeding commenced in state court is the Kansas divorce action, concluded in 2019. For the reasons explained above, the Trustee's avoidance action is independent of that action. There is no other even arguably related action, pending or otherwise, in Kansas state court.

These factors weigh against abstention in favor of an action in Kansas state court.

Factor 5: <u>The Jurisdictional Basis, If Any, Other Than 28 U.S.C. § 1334</u>

Jurisdiction over this adversary proceeding and each of the claims asserted by Plaintiff arises under § 1334(b) via referral from the district court as a civil proceeding arising under Title 11, specifically §§ 544 and 550, and arising in a case under Title 11, specifically Chapter 7 Case No. 22-60638 in this court. There is no dispute that this court has jurisdiction over all the claims in this action.

The jurisdictional basis of the new lawsuit to be commenced by the Trustee in the Kansas state court is not known to the court or identified by Defendant.

This factor weighs against the court abstaining from the exercise of its jurisdiction over the Trustee's claims.

Factor 7: <u>The Substance Rather Than the Form of the "Core Proceeding"</u>

There is no dispute that this action is a core proceeding and that each of Plaintiff's claims is core. Defendant argues that the substance of it is really the Kansas divorce action. Thus, in Defendant's view, this is a core proceeding more in form than in substance. For the reasons already explained, the court disagrees with Defendant's characterization of this action as being irrevocably enmeshed with the Kansas divorce action. This court is not going to rework the divorce decree. It is a classic avoidance action, albeit one in which the facts involve a domestic relations proceeding. The factual underpinnings of the transfer do not make this a core proceeding in name only.

This factor weighs against abstention in favor of a Kansas state court.

Factor 8: <u>The Feasibility of Severing State Law Claims from Core Bankruptcy Matters to Allow Judgment to be Entered in State Court with Enforcement Left to the Bankruptcy Court</u>

The court does not see any way in which the Trustee's claims can be severed. There are not separate avoidance claims and domestic relations claims. There are only avoidance claims and a demand for recovery of the value of the avoided transfer under § 550(a)(1).

If anything, however, the obverse is true. Plaintiff seeks a money judgment against Defendant for the value of Debtor's interest in the real property if the transfer is avoided. The Trustee will have to enforce any money judgment she obtains in a Kansas state court through its domestication. This court will not be in any position to effect collection of a money judgment against Defendant through wage garnishment or execution on her property. If the Trustee is looking at two lawsuits, one of them in Kansas if she prevails on her claims, there is something to be said for seeking judgment in the jurisdiction where a money judgment can effectively be enforced against Defendant.

This factor weighs in favor abstention, just not in the way that Defendant asserts.

Factor 9: <u>The Burden on This Court's Docket</u>

Defendant's argument on docket burden assumes, again, that this court will have to rework the divorce decree between Debtor and Defendant. It will not. As discussed, this is the type of action routinely handled in this court based on statutes with which the court is already familiar. There is nothing overly complex or unusual about it that will unduly consume this court's resources, any more than it will consume the time and resources of a Kansas state court.

This factor is neutral in application.

Factor 12: <u>The Presence in the Proceeding of Nondebtor Parties</u>

Debtor may be involved in this adversary proceeding as a witness. He is not a party. The only Defendant is a nondebtor. This is not a situation where there are multiple nondebtor defendants from

7

outside the district. The court acknowledges that it will be a burden on Defendant to defend this lawsuit and is sympathetic. But the court finds overstated her argument that the burden on defending this action will be substantially greater because it is pending in Ohio rather than in a Kansas state court.

Actual in person appearance(s) in court or at proceedings here in Ohio for purposes of discovery will be limited. Preliminary proceedings, such as pretrial scheduling conferences, are being conducted by telephone. If mediation occurs, it can be done remotely. If Plaintiff intends to depose Defendant, she will be limited to doing so by remote means if permitted, Fed. R. Civ. P. 30(b)(4), and at a location within the geographic limits of the subpoena power as set forth in Bankruptcy Rules 7030 and 9016 and Rule 45(c) of the Federal Rules of Civil Procedure. Likewise, Defendant cannot be compelled because of the geographic limits of the subpoena power to attend trial in Canton, Ohio, understanding nevertheless that she may want or need to for an effective defense. Nondebtors are caught up in bankruptcy proceedings all the time. There is nothing so extraordinary about this adversary proceeding that suggests abstention in favor of a state court.

This factor is neutral in application.

Factor 13: <u>Any Other Unusual or Significant Factors</u>

The general principle that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" is an additional factor weighing against permissive abstention. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Defendant has not identified, and the court is not aware of other unusual or significant factors that counterbalance Plaintiff's choice of forum.

The court finds that factors 1 (effect on estate administration, heavily and most significantly), 2 (extent to which state law issues predominate), 3 (difficulty or unsettled nature of state law), 4 (presence of related proceeding), 5 (other jurisdictional basis), 6 (relatedness between adversary and other proceeding), and 7 (substance rather than form of core proceeding) weigh against abstention. Defendant does not argue that application of Factors 10 (forum shopping) and 11 (right to jury trial) favor abstention. Factor 8 (feasibility of severing claims and judgment enforcement) weighs in favor of abstention, because if Plaintiff obtains a money judgment in this court, she will have to enforce it in Kansas. Factors 9 (burden on this court's docket) and 12 (presence in proceeding of nondebtor parties) are neutral. On balance, the court declines to abstain from exercising jurisdiction to hear and determine this adversary proceeding.

# TRANSFER OF VENUE

There is no dispute that venue of this adversary proceeding is proper in this court. 28 U.S.C. § 1409(a). Defendant nevertheless asks the court to transfer venue of this action to bankruptcy court in Kansas. This is a closer call than abstaining from the exercise of the court's jurisdiction, mostly because of the locus of the known facts and Plaintiff's inability to enforce a money judgment against Defendant in the Northern District of Ohio.

The statute governing change of venue of a case or proceeding under Title 11 provides the broad circumstances justifying transfer as being "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412;[2] Fed. R. Bankr. P. 7087 (on motion the court "may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412…."). These standards are in the disjunctive and transfer is appropriate if only one is met. *KFC Corp. v. Wagstaff,* 502 B.R. 484, 498-99 (W.D. Ky. 2013). The decision to grant or deny a motion to transfer venue under § 1412 is committed to the discretion of the trial court. *Id.*, at 498, citing *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961). The burden of proof rests upon the party requesting transfer by a preponderance of the evidence. *GEX Kentucky, Inc. v. Wolf Creek Collieries Co. (In Re GEX Kentucky, Inc.)*, 85 B.R. 431, 435 (Bankr. N.D. Ohio 1987). Defendant argues that both standards apply.

As with abstention, courts look to various relevant factors to assess whether transfer of venue is appropriate. The standards used in determining venue changes under § 1412 when venue is proper are generally the same as the standards used by district courts under 28 U.S.C. § 1404. Some courts, however, look to separate lists of factors, one grouping for transfer based on the interest of justice and one grouping for transfer based on the convenience of the parties. *Walker v. Directory Distrib. Assocs., Inc. (In re Directory Distrib. Assocs., Inc.)*, 566 B.R. 869, 878 (Bankr. S.D. Tex. 2017); *RFF Family P'ship, LP v. Wasserman*, No. 1:07 CV 1617, 2010 WL 420014, at *7 (N.D. Ohio, Jan. 29, 2010). This is a sensible approach to evaluating the alternative standards.

A. <u>Will the Interest of Justice Be Served By Transfer of Venue?</u>

Courts consider the following factors (or some iteration of them) to determine whether a change in venue is in the interest of justice:

---

[2] Section 1404 of Title 28, 28 U.S.C. § 1404, deals with change of venue for properly venued civil litigation in the district court. The Bankruptcy Court for the Southern District of New York held that § 1412 does not apply to civil proceedings arising in or related to cases under Title 11 and that § 1404 governs motions to transfer venue in those types of civil proceedings. *Multibank, Inc. v. Access Global Capital, LLC,* 594 B.R. 618 (Bankr. S.D.N.Y. 2018). As this adversary proceeding also arises under Title 11, *In re Bavelis,* 453 B.R. at 851-52 (proceedings arising under title 11 include actions brought pursuant to § 544(b)), the court, as the parties have, will address only application of § 1412.

> (1) the economics of estate administration; (2) the presumption in favor of the "home court"; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders by those familiar with its law; (6) the enforceability of any judgment rendered; and (7) the plaintiff's original choice of forum.

*In re Directory Distrib. Assocs.*, 566 B.R. at 878; *RFF Family P'Ship, LP, 2010* WL 420014, at * 7 (same list of factors, but misnumbered (1)-(8) skipping (5)).

    Factor 1: <u>Economics of Estate Administration</u>
    Factor 3: <u>Judicial Efficiency</u>

The economics and efficiency of estate administration is the most important factor to consider in deciding whether to transfer venue in the interest of justice. *In re Directory Distrib. Assocs.*, 566 B.R. at 879, 880; *In re Bavelis,* 453 B.R. at 874; *GEX Kentucky, Inc.*, 85 B.R. at 435; *Gibbs v. Stinson*, 421 F.Supp.3d 267, 283 (E.D. Va. 2019) ("All factors do not receive equal weight, however, and the most important factor is 'the economic and efficient administration of the estate.'"). This claim is the Trustee's only asset for administration. The first purpose of estate administration is to liquidate estate assets to generate a monetary distribution for creditors and to do so as efficiently and expeditiously as possible. 11 U.S.C. § 704(a)(1). Any change in venue that serves to complicate things and enhance the costs of administration strikes at that purpose.

Defendant's argument as to these factors repeats and leans heavily on the assumption that it will be necessary to relitigate the 2019 divorce decree between Debtor and Defendant. For reasons already explained in connection with abstention, the court rejects that argument. It is not different in determining whether to transfer venue than determining whether to abstain. The merits of the dispute boil down to a relative comparison of values and the question whether the divorce was collusive. Neither this judge nor a Kansas bankruptcy judge will need to relitigate the divorce, and certainly both are capable of addressing UFTA claims under state law through § 544(b) without a steep learning curve. *In re Bruno's, Inc.,* 227 B.R. 311, 326 (Bankr. N.D. Ala. 1998) (judicial efficiency factor concerns familiarity with substantive issues and the law to be applied in the proceeding).

The court finds the more important focus is on the economics of estate administration. The amount in controversy plays a role in that assessment. Plaintiff will either have to find and obtain employment with this court's approval of Kansas bankruptcy counsel, or get current counsel admitted to practice in the federal court in Kansas. This court has no idea how likely the latter is to occur. But additional administrative expenses and fees to litigate her claims in Kansas federal court will undoubtedly be incurred

10

in the transfer, as will delay in getting a litigation schedule set in a new court. The amount stated to be in controversy is approximately $30,000. The court understands that was and is a lot of money to Defendant and does not want to suggest otherwise. Plaintiff in the exercise of her judgment as a fiduciary has decided that she has the duty to administer the claim and can do so effectively given potential attorney's fees and costs in view of her probability of prevailing. The court is not in a position to second guess her business judgment in that regard. *Welded Constr., L.P. v. The Williams Cos. (In re Welded Constr., L.P.),* 609 B.R. 101, 120 (Bankr. D. Del. 2019) ("[The] decision to file the Adversary Proceeding in this forum was the most logical choice in light of the underlying bankruptcy proceedings. As a result, the Court must respect the Trustee's decision to litigate the adversary proceeding in this forum."). Chipping away at a $30,000 potential recovery with additional, unnecessary administrative expenses and fees in changing venue will reduce the potential recovery to creditors. If the claim were more substantial, this would be a less impactful concern.

Considerations of economic and efficient administration of the bankruptcy estate strongly support denying the requested venue transfer, while considerations of judicial economy as between bankruptcy judges in two different districts are neutral.

Factor 2: <u>Presumption in Favor of Home Court</u>

The "home court" is the court in which the underlying bankruptcy case is pending. There is a "strong presumption" that the district in which the underlying bankruptcy case is pending is the appropriate district for determination of an adversary proceeding. *In re Directory Distrib. Assocs., Inc.*, 566 B.R. at 880; *RFF Family P'Ship, LP,* 2010 WL 420014, at *14; *Velocity v. Meta Media Tech, Inc.,* Case No. 3:23-cv-911, 2023 WL 4744290, at *3, *4 (N.D. Ohio July 25, 2023). As this lawsuit was filed by the Trustee in the court where the Chapter 7 case is pending and in which she was appointed, it has been filed in the "home court."

Defendant takes a different approach to the "home court" factor. She argues that "home court" venue over the underlying Chapter 7 case is improper in the Northern District of Ohio, without identifying where venue would have been proper. [Doc. # 10, p. 10/13]. She casts doubt on whether Debtor met the venue standards for filing his Chapter 7 case in the Northern District of Ohio. Regardless, that ship has sailed. Venue is a waivable defect that has not been timely challenged with respect to the Chapter 7 case. *In re Bavelis,* 453 B.R. at 867; *In re Golembiewski*, Case No. 15-30107, 2015 WL 1061962 (Bankr. N.D. Ohio Mar. 6, 2015 (Judge Gustafson); Fed. R. Bankr. P. 1014(a)(2) (court on "timely" motion may dismiss or transfer case filed in improper venue). The Chapter 7 case was commenced on June 28, 2022, Plaintiff

11

is the duly appointed and acting Trustee in that case, Debtor has received his discharge, a claims bar date has been set and claims have been filed.

Defendant's iteration of the "home court" argument does not support transferring venue of this adversary proceeding to bankruptcy court in Kansas. Because the adversary proceeding is pending in the "home court," there is a "strong presumption" against transferring it to another bankruptcy court. *In re Bavelis,* 453 B.R. at 873; *RFF Family P'Ship, LP*, 2010 WL 420014, at *4 (citations omitted). This factor weighs against transfer.

> Factor 4:  <u>Defendant's Ability to Receive a Fair Trial in This Court</u>
>
> Factor 5:  <u>State's Interest in Having Local Controversies Decided Within its Borders by those Familiar with Its Law</u>

Defendant conflates these two factors. She argues that the State of Ohio has little to do with Debtor and the underlying facts. That appears true. As a result, Defendant postulates that she cannot receive a fair trial in Ohio. But there will not be a jury trial in this proceeding, and this judge assumes (perhaps incorrectly) the argument is not being directed at her specifically as the fact finder. Availability of nationwide service of process in bankruptcy matters where avoidance and other claims are being pursued means that far flung defendants and geographically diverse fact patterns are properly brought before bankruptcy judges.[3] Debtors sometimes have property interests in other states that must be administered, impacting persons in those states. But where a bankruptcy judge will be the finder of fact, the concern about a defendant from another state getting railroaded into an unfair trial in this court has not been substantiated.

Defendant argues that Kansas has a substantially greater stake in this action because of the 2019 divorce decree. As Defendant colorfully asserts, the wreckage from this action may need to be addressed subsequently in a Kansas divorce court. If that is so, it will be because Plaintiff has prevailed on the merits in terms of the valuation issues that are at issue in this action. The bankruptcy court, be it this one or in Kansas, will not relitigate the divorce. The court agrees with Defendant only to the extent that the Kansas version of the UFTA may be the applicable law under § 544(b) because that is where the property was located when the transfer occurred. The parties have not argued that point, however, and the court need not determine now which law applies. The fact that the underlying state law is borne of a Uniform Act

---

[3] Congress recognized the potential unfairness of this power, enacting a venue provision for actions commenced by trustees where the amount at issue falls below specified statutory amounts. 28 U.S.C. § 1409(b). Those actions may <u>only</u> be commenced in the district where the defendant resides, which is what Defendant argues should happen in this matter under § 1412. Congress has with this venue provision made a statutory decision about when a person may fairly be forced to defend an action in a distant bankruptcy court. Of significance, this action does not meet Congress's statutory venue fairness standard.

mitigates the emphasis on either of the bankruptcy courts being ascendant guardians of the legal interests of the states in which they sit. On the other hand, Defendant is also correct that Ohio property interests and law appear to have little or nothing to do with this action. The court agrees that as between the two fora, Kansas is more connected to the facts and the law, just not in the way that Defendant argues makes a significant difference.

The trial fairness issue is neutral in its application and the locus of state interest favors Kansas as the appropriate venue.

Factor 6: <u>The Enforceability of Any Judgment</u>

If the transfer is avoided under § 544(b), Plaintiff seeks a money judgment against Defendant for the value of the property interest transferred to Defendant as the immediate transferee. 11 U.S.C. § 550(a)(1). The court agrees with Defendant that this factor mitigates in favor of venue transfer. Plaintiff will not be able to collect any money judgment she obtains against Defendant through this or any Ohio court. Defendant lives and works in Kansas. The money judgment will have to be domesticated as a foreign judgment, requiring commencement of a second action in Kansas if Plaintiff prevails in this court. Her inability to enforce a money judgement in the Northern District of Ohio suggests Kansas as the more appropriate venue.

Factor 7: <u>Plaintiff's Original Choice of Forum</u>

In general, a plaintiff's choice of forum is entitled to weight in the transfer analysis, although it is not alone dispositive. *See Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). Indeed, courts often indicate that a plaintiff's choice of forum is entitled to "great weight" or "substantial weight" in the analysis, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Hutchins v. T1 Tequila, LLC*, No. 1:11CV557, 2013 WL 3289128, at *6 (N.D. Ohio June 28, 2013), and should not be lightly disturbed, *In re DBSI,* 478 B.R. 192, 195 (Bankr. D. Del. 2012). Situations where a plaintiff's choice of forum is entitled to less weight include where the forum choice is neither plaintiff's location nor the location of the occurrence. Otherwise, if no exception applies, a court should disturb the plaintiff's choice of forum only if the balance of factors strongly favors transfer. *See Means v. United States Conf. of Catholic Bishops,* 836 F.3d 643, 651 (6th Cir. 2016).

Plaintiff did have a choice of forum. She could have commenced this action in another district where the debtor or the creditor(s) in whose shoes she is standing could have commenced an action under applicable state law if the Chapter 7 case had not been commenced. *See* 28 U.S.C. § 1409(c). Plaintiff has not identified creditor(s) in whose shoes she purports to be standing. Nor does Defendant identify any

13

other such district, be it Kansas or another one. Plaintiff's choice of forum is logical, beyond also being the "home court" for the bankruptcy case, which is the more persuasive factor. Defendant's argument that the locus of the divorce action overcomes Plaintiff's choice of forum fails for reasons already stated. This factor also weighs against transferring the lawsuit to bankruptcy court in Kansas in the interest of justice.

Factors 1 (economics of estate administration) and 2 (presumption in favor of home court) strongly weigh against transfer and Factor 7 (plaintiff's choice of forum) weighs against transfer. Factor 6 (enforceability of judgment) strongly weighs in favor of transfer and Factor 5 (local interest in controversies within borders) weighs in favor of transfer. Factors 3 (judicial efficiency) and 4 (ability to receive fair trial) are neutral. A mixed bag, on balance the more substantial weight to be afforded Factors 1 and 2 is the most impactful in deciding whether the interest of justice supports transfer to bankruptcy court in Kansas. The court finds that the interest of justice does not support transferring this action.

B. <u>Will Convenience of the Parties Be Served By Transfer of Venue?</u>

Courts consider the following factors (or some iteration of them) when analyzing whether transfer of venue is warranted for the convenience of the parties: (1) location of the plaintiff and defendant; (2) ease of access to necessary proof; (3) convenience of witnesses; (4) availability of subpoena power for the unwilling witnesses; and (5) expense related to obtaining witnesses. *RFF Family P'ship, LP*, 2010 WL 420014, at *7, citing *In re Bruno's, Inc.*, 227 B.R. at 324-25. These factors show that the mechanics of the litigation and proofs are central to analyzing the "convenience of the parties" prong of § 1412.

The parties' arguments give these factors relatively short shrift, leaving the court without much to work with, to Defendant's detriment as the party with the burden of proof. Regardless of venue, filings are all electronic in both districts. Pretrial proceedings have been and will be conducted in this court by telephone, without expectation of personal appearances. This judge does not know how such proceedings would be handled in the District of Kansas. Any mediation directed by this court could be conducted remotely. This judge does not know how mediation would be handled in the District of Kansas. The question is what difference does it make for the convenience of the parties if the judge deciding the merits of the Complaint sits in and trial would be conducted in the Northern District of Ohio or in the District of Kansas?

Factor 1: <u>Location of Plaintiff and Defendant</u>

The fiduciary Plaintiff is located in this district. where she chose, properly, to commence this lawsuit. Defendant lives and works in Arkansas City, Kansas. From the federal court website, of which the court takes judicial notice, it appears that the state of Kansas comprises one federal judicial district, albeit with three bankruptcy court locations (Wichita, Topeka and Kanas City). The court lacks information from Defendant and understanding about where this adversary proceeding would end up if transferred. *See D. Kan. LBR* 1072.1 (Court Locations), 1073.1 (Assignment of Cases) and Standing Order 22-1 (Order Governing Case Management Chapter 7 and Chapter 13 Cases). Looking at a map, it appears that Wichita is closest, yet still some 60 to 70 miles away from where Defendant lives. Certainly, it would be easier for Defendant to get to Wichita or one of the other two District of Kansas court locations for trial than to the Northern District of Ohio. But just as certainly, it would be difficult and expensive for the Trustee to get to any of the three District of Kansas court locations for trial, should it come to that.

When the movant shows only that the inconvenience will be shifted from one party to another, the court should deny the motion to transfer venue. *Irwin v. Beloit Corp. (In re Harnischfeger Indus., Inc.)*, 246 B.R. 421, 437 (Bankr. N.D. Ala. 2000). With only two parties, one in each district, the court finds that the location of the parties is a neutral factor.

Factor 2: <u>Ease of Access to Necessary Proof</u>

Perhaps because the proceedings are at an early stage, discovery not having commenced, the parties do not offer the court insight, first, from Plaintiff's perspective, how she intends to prove her case, seemingly from afar, and second, from Defendant's perspective how she intends to defend against the Trustee's claims. Specific information about anticipated discovery, documentary evidence, likely witnesses (beyond generic "appraiser" and Defendant's domestic relations lawyer), and anticipated depositions is lacking, asking for speculation by the court.

It does not appear that evidence is located within this district, a point strongly made by Defendant. But that fact sounds like a bigger deal from a venue standpoint than the court thinks it is. As to documentary evidence, the pleadings do not suggest voluminous documents or records that need to be reviewed on location or transported, from either party's perspective. To the unknown extent Debtor has documents and information that need to be obtained by either party, he is now located outside both districts

in Warsaw, Missouri.[4] But documents and written discovery responses can be exchanged electronically. *In re Welded Constr., L.P.,* 609 B.R. at 121(factor neutral due to ease of transporting documents and records and availability of electronic discovery); *In re Bavelis,* 453 B.R. at 877; *HLI Creditor Trust v. Keller Rigging Constr., Inc. (In re Hayes Lemmerz Intern., Inc),* 312 B.R. 44, 47 (Bankr. D. Del. 2004 (since discovery largely limited to paper exchanges, physical location of books and records is of less concern).

Defendant has not shown the court how where the judge who will decide the merits is located as between the Northern District of Ohio or one of the three District of Kansas court locations will impact the convenience of either of the parties from the standpoint of access to necessary proofs. Nor has Plaintiff, but it is Defendant's burden. Without voluminous documents that either party would have to review in some far-flung location, the location of proceedings as between Kansas or the Northern District of Ohio is neutral with respect to ease of access to necessary proof.

Factor 3: <u>Convenience of Witnesses</u>

The court lacks information about intended witnesses. Assuming based on the pleadings that Defendant and Debtor are likely witnesses, a court location in Kansas would be more convenient to both of them for voluntary testimony at trial should they choose to provide it. There is no identified witness for which the Northern District of Ohio would be a more convenient forum for appearance at trial. This factor favors transfer to Kansas.

Factor 4: <u>Availability of Subpoena Power for Unwilling Witnesses</u>

Not knowing who likely witnesses are beyond Debtor and Defendant, or where in Kansas this action would be transferred, evaluation of the ability of either party to subpoena witnesses for deposition or trial is hampered. Bankruptcy Rule 7030 incorporates Rule 30 of the Federal Rules of Civil Procedure

---

[4] Plaintiff may point to Bankruptcy Rule 2004(d) as the procedural basis to obtain testimony and documents from Debtor and for the court to designate a location for production and appearance "within or without the district where the case is pending." Fed. R. Bankr. P. 2004(d). The "case" under Rule 2004(d) refers to the bankruptcy case commenced by the debtor. Once an adversary proceeding is commenced, it is this court's view that discovery involving the claims and subject matter of the adversary proceeding must proceed pursuant to the discovery rules, Part VII of the Federal Rules of Bankruptcy Procedure, not Rule 2004. *Sweetland v. Szadkowski (In re Szadkowski),* 198 B.R. 140, 141 (Bankr. D. Md. 1996); *In re Enron,* 281 B.R. 836, 841-42 (Bankr. S.D.N.Y. 2002); see *In re Continental Capital Inv. Services, Inc.*, Case No. 03-3370, 2009 WL 1604703, at *3 (Bankr. N.D. Ohio Mar. 6, 2009). This principle is referred to as the "pending proceeding rule." *In re Braxton,* 516 B.R. 787, 795 (Bankr. E.D.N.C. 2014); *Sec. Investor Protection Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 590 B.R. 200, 206 n.5 (Bankr. S.D.N.Y. 2018) (pending proceeding rule barred plaintiff trustee from further Rule 2004 discovery in pending fraudulent transfer adversary proceeding). Bankruptcy Rules 7026-7037 adopt the discovery procedures of the Federal Rules of Civil Procedure, which are more restrictive in important respects than Rule 2004.

governing depositions and deposition locations. Rule 30 incorporates Rule 45 governing subpoenas. Bankruptcy Rule 9016 also incorporates Rule 45 in bankruptcy cases.

Under Rule 45, a subpoena must issue from the court where the action is pending, Fed. R. Civ. P. 45(a)(2), the more difficult issues being service and location of testimony, Fed. R. Civ P. 45(c), and enforcement, which must occur in the district where compliance is required, Fed. R. Civ P. 45(d).[5] Roughly, persons cannot be compelled to appear for deposition or trial in a location more than 100 miles from where they reside. Fed. R. Civ. P. 45(c)(1)(A). That is the case whether this lawsuit remains in the Northern District of Ohio, or it is transferred to Kansas. Thus, if Plaintiff seeks to depose Defendant or Debtor, she cannot compel them to appear more than 100 miles from their residence regardless of the venue of this action. In that regard, Defendant will not be inconvenienced if this action remains in the Northern District of Ohio. As a party, Defendant (but not Debtor) could be compelled by Plaintiff to appear for trial at any of the court locations in the District of Kansas, but only to the unknown extent she "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). Plaintiff cannot compel Defendant to appear for trial in Ohio and it is unknown whether Debtor could be compelled to appear for trial at any of the Kansas court locations.

Not knowing where in Kansas this action might end up and who likely witnesses are, the court does not know how the 100-mile rule would impact compelled appearance for deposition or trial by non-party witnesses, including Debtor. Thus, it seems that Defendant has it backwards as to her compelled attendance at trial. While she might be compelled by subpoena to testify in person at a trial in Kansas, depending on where it is venued, she cannot be compelled by subpoena to testify in person at trial in Canton, Ohio.

The limits of Plaintiff's subpoena power mitigate inconvenience to Defendant of the continued pendency of this action in the Northern District of Ohio. Those same limitations impose difficulty on Plaintiff in compelling attendance of witnesses regardless of where this action is pending, yet as a fiduciary she has chosen the instant forum over the District of Kansas.

The court finds that the availability of subpoena power to compel unwilling witnesses is neutral in its application.

---

[5] Under Rule 45(f), if the court in the district where compliance is required did not issue the subpoena, it may transfer a motion involving enforcement to the issuing court under certain circumstances.

17

Factor 5: <u>Expense Related to Obtaining Witnesses</u>

There being no identified witnesses in the Northern District of Ohio, Plaintiff faces expense in compelling testimony whether this action remains in the Northern District of Ohio or is transferred to bankruptcy court in Kansas. As to Defendant, Plaintiff can obtain documents and information from her through written discovery regardless of venue. Given Defendant's residence, Plaintiff will incur expense in securing deposition testimony from her because of the limits of the subpoena power regardless of venue. Given Debtor's absence from the Northern District of Ohio, regardless of venue Plaintiff will also incur expense in securing evidence and testimony from him subject to the limits of the subpoena power.

Defendant does not identify specific witnesses or evidence that she needs to obtain to defend against the Trustee's claims that will be less expensive for her to obtain if this action is transferred to the District of Kansas. There is a passing reference to evidence from appraisers and lawyers located in Kansas. If this action remains in Ohio, Defendant (and Plaintiff should she seek such testimony) would have to depose any such witnesses in Kansas and secure transcripts to use their testimony at trial. *See* Fed. R. Bankr. P. 7032; Fed. R. Civ. P. 32(a)(4). There is a possibility those witnesses could simply be subpoenaed to testify at trial in Kansas without deposition or transcript expense. But without information as to who those witnesses are and to which court location this lawsuit would be transferred, Defendant has not shown the court that she would face undue expense in securing evidence if this action remains in the Northern District of Ohio. *See Holmes v. Grubman (In re Holmes)*, 306 B.R. 11, 15 (Bankr. N.D. Ga. 2004) (merely general allegations about key witnesses without identifying who they are, what their testimony will be and where they reside do not meet a party's burden of proof on a motion to transfer venue, and the request will be denied), citing 15 C. Wright, A. Miller & Cooper, *Federal Practice and Procedure* §§ 3851 and 3853 (2nd ed. 1986 and Supp. 2003).

Again, the script is almost flipped in addressing convenience of the parties. Plaintiff faces inconvenience and unquantified expense in preparing and trying her case in either the Northern District of Ohio or the District of Kansas. Beyond the undisputed inconvenience to Defendant of her voluntary testimony at trial should the action remain pending in the Northern District of Ohio, she has not met her burden of showing that availability to her of evidence for trial and at relatively lower cost would be enhanced if this action is transferred to bankruptcy court in Kansas. The court does not know who those witnesses are, where they are located and how the limits of the subpoena power would affect compelling attendance at trial at an unknown court location in Kansas.

The court ultimately cannot make a reasoned determination of how expense related to obtaining witnesses will be impacted by venue of the adversary proceeding.

Considering the factors relevant to assessing convenience of the parties, the balance does not tilt by a preponderance of the evidence in favor of moving this adversary proceeding from the Northern District of Ohio to the District of Kansas. The litigation strikes the court as inconvenient to all involved regardless of venue, sometimes the inescapable reality of a lawsuit. Defendant has not shown the court that it will necessarily be easier, faster or materially less expensive for her to litigate this action in bankruptcy court in Kansas than in this court. Factors 1 (location of parties), 2 (ease of access to proof) and 4 (availability of subpoena power for unwilling witnesses) are a wash. Factor 3 (convenience of witnesses) favors the District of Kansas, to the extent of any voluntary appearances by Defendant or Debtor for trial. The court is unable to assess the weight of Factor 5 (expenses related to obtaining witnesses) based on the information provided or available from the record.

Defendant has not shown that the fact that she lives and works in Kansas would prevent her from adequately defending this adversary proceeding in the Northern District of Ohio. She has not met her burden of showing that the inconvenience of the parties will be meaningfully reduced by transferring the Trustee's adversary proceeding to Kansas.

## **CONCLUSION**

Based on the foregoing reasons and authorities, the court will neither abstain from hearing this adversary proceeding in favor of a Kansas state court or transfer its venue to the Bankruptcy Court for the District of Kansas.

**IT IS ORDERED** that the Motion of Defendant Stacy Rider to Abstain or Transfer Venue [Doc. # 10] is **DENIED.**